IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 20 CR 447 |
| v. | ) | Honorable Robert W. Gettleman |
| | ) | |
| KOSHAUN HUGHES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE

NOW COMES, defendant, KOHSUAN HUGHES, by and through his attorney, QUINN A. MICHAELIS, and respectfully moves this Honorable Court pursuant to the Federal Rules of Criminal Procedure, to conduct an evidentiary hearing to quash Mr. Hughes' arrest and suppress evidence obtained as the result of the illegal search of Mr. Hughes' vehicle. In support thereof, Mr. Hughes states as follows:

I. INTRODUCTION

According to the reports generated in this case, on July 31, 2020, arresting officers observed the driver of a silver Mazda 6 not wearing a seatbelt and failing to use his turn signal when changing lanes. As a result of these two observations, the officers activated their emergency equipment and curbed the vehicle at 3755 W. Congress.[1] Upon approaching the vehicle, which had dark tinted windows, one of

---

[1] The reports tendered by the government indicate that although four, fully uniformed officers were involved in the traffic stop, none we wearing body worn cameras. The vehicle they were driving was not equipped with a dash camera. Further, the address at which the vehicle was curbed was almost directly under a pole camera. The undersigned requested copies of any video recorded from that pole

1

the officers, Officer Sigartu, claims to have seen Mr. Hughes place an L-shaped objection towards the backseat floorboard. Officer Sigartu claims to have seen this through a broken window in the rear of the vehicle. Upon approaching the vehicle, the officers observed Mr. Hughes as the driver, and a passenger in the front seat of the vehicle. Officer Sigartu asked Mr. Hughes for his license, which he produced, and observed that he appeared nervous. Officer Sigartu then asked Mr. Hughes to step out of the vehicle and asked him if there was a gun in the vehicle. According to the reports, Mr. Hughes admitted that there was a gun in the vehicle at which point Officer Sigartu reached into the backseat and recovered a firearm. After recovering the gun, Officer Sigartu asked whether Mr. Hughes had a FOID card, to which he answered that he did not, and Officer Sigartu arrested Mr. Hughes.

This motion presents an offer of proof in support of Mr. Hughes' contention that his warrantless arrest and search of his vehicle was not supported by a reasonable suspicion or probable cause. The offer of proof is based on interviews with the defendant, and his girlfriend, Sconizjah Jones.[2] Both Mr. Hughes and Ms. Jones report that the Mazda 6 driven on July 31, 2020 had tint on all windows but the windshield. (See Exhibit 2,3) Furthermore, the broken window that Officer Sigartu claims to have seen Mr. Hughes through was a small side window on the driver's side, photos and a diagram of which are attached to this motion as Exhibit

---

camera and was told that the footage had not been preserved and the footage had already been overwritten. No footage from any pole cameras in the area has been tendered by the government.
[2] The undersigned counsel is attempting to contact a third individual, the passenger of the vehicle would she expects would testify at a hearing on this motion that the search of the vehicle began before Mr. Hughes was asked whether there was a gun in the vehicle.

1. The firearm itself was recovered from inside a zipped "Vans" fanny pack constructed from 200 denier polyester fabric, and not laying in plain view on the floor of the vehicle.

    II.    ARGUMENT

If a vehicle is pulled over pursuant to an officer's reasonable belief that a traffic violation has been committed, the officer may search the vehicle "when they have probably cause to believe it contains evidence of criminal activity." *United States v. Edwards* 769 F.3d 509, 514 (7th Cir. 2014). "A warrantless search of a vehicle incident to the arrest of one of its occupants requires reason to believe that the vehicle contains evidence of the offense of arrest." *Arizona v. Gant* 556 U.S. 332, 351 (2009). The automobile exception and the search incident to arrest exceptions "are interrelated, but not identical." *Edwards*, 769 F.3d at 514.

Here, there is reason to challenge whether the arresting officers had probable cause to search the vehicle during their stop of Mr. Hughes. To start, the officers claim to have seen Mr. Hughes move his right hand towards the backseat floor board and place an L-shaped item there. They claim to have seen this through a small broken window on the driver's side of the car. Given the size of the window and the tint on the windows (See Exhibit 1), there is reason to doubt the credibility of these observations. Most importantly however, is whether the officers could have observed an L-shaped object if it was inside a zipped fanny pack made of heavy polyester fabric. This fanny pack is not mentioned in any of the reports, but was returned to Ms. Jones along with the Mazda 6, after Mr. Hughes' arrest.

Furthermore, it is Mr. Hughes' contention that the search of his vehicle began before he was asked whether there was a weapon in the vehicle.   Given the observational limitations mentioned above, as well as the fact there is no video evidence in this case, despite the presence of four uniformed officers and the stop of the vehicle occurring less than a block away from a pod camera (Exhibit 4,5,6),  it is the defense's position that the search lacked probable cause, and the gun must be suppressed.

WHEREFORE, Defendant KOSHAUN HUGHES  respectfully requests that this Honorable Court quash his arrest and suppress from introduction into evidence any evidence that officers illegally obtained from the search of Mr. Hughes' vehicle.


Respectfully Submitted,

/s Quinn A. Michaelis

Quinn A. Michaelis
Attorney for KOSHAUN HUGHES
73 W. Monroe, Suite 106
Chicago, IL 60601
312-714-6920

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2021 I electronically filed the above

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on January 19, 2021.

By His Attorney,

s/ Quinn A. Michaelis

Quinn A. Michaelis
Attorney For KOSHAUN HUGHES
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920