IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 20 CR 447 |
| KOSHUAN HUGHES, | ) | Judge Robert W. Gettleman |
| | ) | |
| | ) | |
| Defendant. | ) | |

## KOSHAUN HUGHES' MOTION FOR RELEASE FROM CUSTODY

NOW COMES Defendant, KOSHUAN HUGHES, through his counsel, QUINN A. MICHAELIS, and respectfully requests that this honorable court set a bond in this matter and release Mr. Hughes from custody. In support of his motion, Mr. Hughes states the following.

## BACKGROUND FACTS

On August 6, 2020, Mr. Hughes appeared before the court for a detention hearing, at which point he waived his right to a detention hearing without prejudice. On August 27, 2020, Mr. Hughes was charged with one count of being a felon in possession of a firearm, pursuant to 18 U.S.C. §922(g).

## DANGER TO THE COMMUNITY

Mr. Hughes is not a danger to the community. Even taking the govenrment's statement of the events leading up to Mr. Hughes' arrest as true, Mr. Hughes complied with the orders of the police when they pulled him over on the date of his arrest. He did not attempt to flee and was cooperative with the

1

officers. The government cannot present any evidence that would indicate that Mr. Hughes was acting violently of that he intended to perpetrate some sort of violent crime.

Further, Mr. Hughes' criminal history illustrates that he is not a violent person. He has no previous convictions for gun possessions. The majority of Mr. Hughes' arrests are cannabis cases, most of which are expungeable under 20 ILCS 2630/5.2(a)(1)(G-5)).

## REBUTTABLE PRESUMPTION

Because the maximum term of imprisonment for the charged offense is 10 years, there is a rebuttable presumption of detention. 18 U.S.C. §3142(e). Mr. Hughes' previous convictions for non-violent drug offenses should rebut any claim that he should be detained as a danger to the community.

Additionally, Mr. Hughes' connections to the Northern District of Illinois are substantial. Mr. Hughes' girlfriend and their 2 year old daughter live in Rockford, Illinois. Prior to Mr. Hughes' arrest, he had been unemployed due to the global health crisis and took care of his young daughter during the day. Mr. Hughes' mother and siblings all live in Chicago, including his cousins, who are proposed third party custodians  Mr. Hughes' ties to the area are so strong that they rebut the presumption that he would flee and thereby disconnect himself from the only support network he has. He has lived in the Northern District of Illinois his entire life. Mr. Hughes' personal history and connections to the area rebut the presumption that he poses a flight risk.

The presumption of detention is further rebutted by the fact that both of his cousins in Chicago have offered to act as third-party custodians, and allow him to live at their homes if the court does not allow him to return to his own home with his girlfriend and daughter. Furthermore, his cousin, Latoya Jones, has offered to help Mr. Hughes look for employment if he is released, as her residence is down the street from a temporary staffing agency. Ms. Jones' has three children who are all attending school virtually currently and Mr. Hughes can assist them with their schoolwork during the day as well.

### Nature Of The Offense

As noted above, the nature of the offense creates a rebuttable presumption of detention. However, Mr. Hughes' family's faith in him, his lack of violent criminal history, the nature of his alleged involvement in the possession of the firearms all militate against his detention. There is no evidence that Mr. Hughes ever used or threatened to use the firearms connected with the charged offense. The government's complaint fails to establish that Mr. Hughes actively participated in any violent activity whatsoever. Hence, Mr. Hughes' alleged conduct in the instant offense does not indicate that he poses a danger to the community or that he poses a risk of flight.

WHEREFORE, Mr. Hughes asks the Court to release him to the custody of his cousin, Latoya Jones, on whatever conditions the court deems appropriate, pending resolution of this case.

Respectfully Submitted,

s/ Quinn A. Michaelis
Quinn A. Michaelis
Attorney for Koshaun Hughes
73 W. Monroe, Suite 106
Chicago, IL 60603
312-714-6920

## CERTIFICATE OF SERVICE

I, Quinn A. Michaelis, an attorney, certify that in accordance with Fed. R. Crim. P. 49, Fed R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filings (ECF), the following document:

### KOSHAUN HUGHES' MOTION FOR RELEASE FROM CUSTODY

was served on January 19 2021, to all parties of record via the CM/ECF system.

s/ Quinn A. Michaelis

Quinn A. Michaelis

Attorney for Koshaun Hughes
73 W. Monroe, Suite 106
Chicago, IL 60603
312-714-6920