UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KOSHAUN L. HUGHES | No. 20 CR 447<br><br>Judge Robert W. Gettleman |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR PRETRIAL RELEASE**

This Court should not grant defendant Koshaun Hughes's motion for pretrial release. R. 23. Hughes, who is facing a charge of illegally possessing a firearm as a felon, has repeatedly demonstrated that he cannot be trusted to abide by any conditions of pretrial release. He has a prior felony conviction for violating electronic monitoring in a state case, and he has a recent history of repeatedly committing new drug trafficking offenses while on parole for prior drug trafficking convictions. His history and characteristics, combined with the seriousness of the instant offense and his prior offenses, demonstrate that, as the Pretrial Services Office has recommended, there is no condition or combination of conditions that would reasonably assure his appearance as required and the safety of any other person and the community. R. 7, 24.

**I.   BACKGROUND**

The charge in this case arises out of Hughes's arrest on July 31, 2020. That evening, Chicago Police officers pulled over Hughes in his vehicle after seeing Hughes commit two separate traffic violations: not wearing a seatbelt and failing to use a

turn signal.[1] As Chicago Police officer Maria Sigartau approached the driver's side of the vehicle, she saw Hughes reach with his right hand and place an L-shaped item that appeared to be in the shape of a handgun on the backseat floorboard. When Officer Sigartau reached the vehicle and talked to Hughes while he was sitting in the driver's seat, Hughes appeared nervous and was moving around a lot in his seat. Officer Sigartau was concerned that Hughes might reach for the suspected weapon in the back seat, so she asked Hughes to exit the vehicle.

Once Hughes was outside of the vehicle, Officer Sigartau asked him if there was a gun in the car. Hughes responded that there was. Officer Sigartau then handcuffed Hughes, opened the driver's side rear door of the vehicle, and recovered a loaded semi-automatic pistol from the backseat floorboard. Officer Sigartau subsequently asked Hughes if he had a firearm owners identification (FOID) card or a concealed-carry license. When Hughes responded that he did not have either, Officer Sigartau arrested him. In his *Mirandized* and recorded post-arrest interview with federal agents, Hughes admitted among other things that: Chicago Police officers found a gun in his car; the gun was in the back seat; the gun belonged to him; he bought the gun about three years ago; and he knew that he could not lawfully possess a gun because he was a convicted felon.

Following Hughes's arrest on July 31, 2020, Magistrate Judge Young B. Kim ordered him detained in federal custody. R. 8. Hughes did not contest detention. *Id.*

---

[1] The facts recited here are based on materials produced by the government to defendant in discovery, including CPD reports and Hughes's recorded post-arrest interview.

Now, approximately six months after his arrest, Hughes has moved for pretrial release, proposing that he be released to a third-party custodian. Hughes Mot. at 2-3. The Pretrial Services Office interviewed Hughes's proposed custodian and determined that a third-party custodianship could not reasonably assure Hughes's appearance and the safety of the community and thus recommended that Hughes remain detained. R. 24 at 1-2.

## II. LEGAL STANDARD

Under the Bail Reform Act, federal courts may order a defendant's detention pending trial upon a determination that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). The Act also establishes a set of factors that this Court may consider in its detention determination, including the nature and circumstances of the offense charged, the weight of the evidence against the defendant, and the history and characteristics of the defendant. 18 U.S.C. § 3142(g).[2]

With respect to reasonably assuring the appearance of the defendant, the government bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C.

---

[2] There is no rebuttable presumption of detention in this case. Hughes's assertion to the contrary is incorrect. Hughes Mot. at 2.

3

§3142(f); *United States v. Salerno*, 481 U.S. 739, 742 (1987). A finding of either danger to the community or a flight risk is sufficient to detain a defendant awaiting trial; a court need not find both to detain a defendant under the Act. *Portes*, 786 F.2d at 765.

### III. ARGUMENT

Hughes has a substantial history of re-offending while under court supervision. His prior convictions demonstrate an inability to be deterred, and the nature of this offense and his prior offenses show that when he is released, he commits crimes that endanger the community. Consistent with the recommendation of Pretrial Services, Hughes should remain detained in order to protect the community and ensure his appearance as required.

### A. The Nature and Circumstances of the Offense and the Weight of the Evidence

On July 31, 2020, Hughes, a felon, was riding around Chicago with a loaded gun at the ready. He admitted to possessing the gun, and to having possessed it for three years despite knowing that he could not possess a gun as a felon. Hughes' actions pose a serious risk to the community. The seriousness of Hughes's unlawful possession of a firearm is supported by the weight of the evidence in this case. As Judge Zagel explained, "[v]ery strong evidence, when coupled with the possibility of a very long sentence, is relevant to the likelihood of the accused's non-appearance at trial. Flight is always more likely when a defendant has little or nothing to lose by absconding. The weight of the evidence is also relevant to the question of whether detention is justified by the need to protect the community." *United States v.*

4

*Calabrese*, 436 F. Supp. 2d 925, 927 (N.D. Ill. 2006). In this case, Hughes has admitted to illegal possession of the loaded gun in his car.

### B. History and Characteristics of Hughes

Pretrial Services has recommended that Hughes be detained based primarily on the seriousness of the instant offense and his prior convictions; his history of reoffending while on court supervision; and his felony conviction for violation of electronic monitoring. R. 7 at 9-10. As detailed in the Pretrial Services Report, Hughes, who is currently 25 years old, has been arrested on about 22 separate occasions since October 2013, with 12 of those arrests resulting in convictions. R. 7 at 3-9. While it is true that Hughes has no prior convictions for gun possession or a violent crime, he has multiple recent drug trafficking convictions that demonstrate his danger to the public, particularly when coupled with the instant offense. For instance, on April 29, 2015, Hughes was convicted for the manufacture/delivery of marijuana in the Circuit Court of Cook County and sentenced to one year of imprisonment. *Id.* at 7. While on parole for that conviction, Hughes was arrested and subsequently convicted on February 9, 2016, in the Circuit Court of Cook County for the manufacture/delivery of heroin and sentenced to two years' imprisonment. *Id.* at 8. And while Hughes was on parole for the February 2016 drug trafficking conviction, he was arrested and subsequently convicted on October 20, 2017, in the

5

Circuit Court of Cook County for the manufacture/delivery of heroin and sentenced to two more years' imprisonment.[3] *Id.* at 8-9.

Furthermore, while Hughes's criminal history is significant, and his continued refusal to abide by the law reflects his danger to the community, what is more telling, and particularly relevant to this Court's analysis as to detention, is Hughes's multiple parole violations and bond forfeitures, which demonstrate his unwillingness or inability to abide by a court's conditions of release. Most notably, Hughes has a felony conviction from August 11, 2014, for Escape/Violation of Electronic Monitoring that resulted in a sentence of two years' probation. *Id.* at 6. What's more, Hughes's criminal history shows that he had multiple parole violations, namely the two referenced in the prior paragraph, *after* his August 2014 felony conviction for violation of a court's bond conditions. *Id.* at 6-9. All of the aforementioned offenses, including the conviction for Escape/Violation of Electronic Monitoring as well as the multiple bond forfeitures, occurred while Hughes had "substantial" connections to this district. Hughes Mot. at 2-3.

Hughes asks this Court to disregard his history of non-compliance with court supervision and string of serious drug offenses by pointing to the fact that he does not have convictions for violent acts or gun possession. Hughes Mot. at 1-3. Drug trafficking, however, is the type of offense that courts have routinely recognized poses

---

[3] As this Court knows, heroin is highly addictive, and users face a high risk of physical dependence and potential overdose or death. *See, e.g.*, Department of Justice/Drug Enforcement Administration, Drug Fact Sheet, Heroin, June 2020, *available at* https://www.dea.gov/sites/default/files/2020-06/Heroin-2020.pdf (last visited February 16, 2021).

6

a serious danger to the community, both due to the nature of the substances that are being distributed as well as the risk of violence that accompanies the drug trade. Contrary to Hughes's assertion, the legislative history of the Bail Reform Act makes clear that Congress intended that the "safety of the community" concern in § 3142 encompasses more than merely danger of harm involving physical violence. S.Rep. No. 225, 98th Cong., 1st Sess. 12 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3195 ("[T]he language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence.").

In short, the pending federal charge is not an isolated incident. Hughes has repeatedly committed drug trafficking crimes that endanger the community, and he has done so while under court supervision. His criminal history and behavior on probation and bond thus weigh strongly in favor of detention.

### C. No Combination of Conditions Will Assure Hughes's Appearance and the Safety of the Community.

Finally, no set of conditions, including those proposed in Hughes's motion (which simply suggests a third-party custodian), can adequately address Hughes's risk of flight and danger to the community. Hughes Mot. at 2-3. After interviewing Hughes's proposed custodian, Pretrial Services determined that a third-party custodianship, even in conjunction with any other conditions, could not reasonably assure Hughes's appearance and the safety of the community. R. 24 at 1-2. In particular, the proposed custodian would be insufficient here since she is employed

full-time and presumably would not be home for long periods and also was unwilling to co-sign a bond. *Id.* It is thus unsurprising that Pretrial Services continues to recommend detention given that Hughes's demonstrated pattern of breaking the law and disrespecting the courts over the past eight years makes plain his inability and unwillingness to comply with any conditions this Court may impose.

## IV. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the Pretrial Services Report and Supplemental Addendum, Hughes's motion for pretrial release should be denied and Hughes should remain detained pending trial.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ *Prashant Kolluri*
PRASHANT KOLLURI
JARED C. JODREY
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300