IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | 20 CR 447 |
| v. | ) | Honorable Robert W. Gettleman |
| | ) | |
| KOSHAUN HUGHES, | ) | |
|     Defendant. | ) | |

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE

Both of the exceptions to the warrant requirement raised by the government) require officers to identify the facts and circumstances that raise to the level of probable cause (the automobile exception) or reasonable suspicion (protective search exception) that evidence of contraband would be found in the car or that the officers safety was in danger.

The facts relied on by the government to establish probable cause, or for the protective search, reasonable suspicion, are: Mr. Hughes' motions to the back seat, and his nervousness when interacting with the officers.

    a. The automobile exception

To start, based on Mr. Hughes' argument in his original motion, Mr. Hughes's position is that there is a factual dispute as to whether the officers, namely Officer Sigartu, could see Mr. Hughes reach towards the back seat. It is further Mr. Hughes' position that he was not asked about the presence of a firearm in the car before the search began. Even if the Court considers Mr. Hughes'

1

response that there was "weed" in the car in response to the officer asking whether there was contraband in the car, many steps of inference must be made before coming to a probable cause determination.

Up to 30 grams of Marijuana is now legal to possess in the state of Illinois. With this in mind, officers would presumably need to present facts giving them probable cause to believe that Mr. Hughes had more than 30 grams of Marijuana in the car for it to be converted into "contraband"

In the case cited by the government in its response, *United States v. Kizart*, 967 F.3d 693 (7th Cir. 2020), the defendant admitted to having smoked marijuana inside the car *and* the officers in that case smelled the odor of burnt marijuana upon approaching the car. *Id.* at 694. It was the smell of burnt marijuana that gave officers probable cause to search the car for evidence of criminal activity. *Id.* at 695. In Mr. Hughes' case, none of the reports mention that the officers smelled burnt marijuana, which would have provided them with probable cause to search the car independent of the disputed facts here. Moreover, the fact that the officers failed to note even the smell of fresh marijuana would weigh against probable cause to believe that Mr. Hughes had violated 410 ILCS 705/10-35(a)(2)(D), prohibiting the illegal transportation of marijuana that is unsealed and inaccessible while the vehicle is moving. The scope of a search is defined by the object of the search and the places in which there is probable cause to believe it may be found." *United States v. Ross*, 456 U.S. 798, 824 (1982). If the officers had smelled fresh marijuana, they could then reasonably believe that Mr. Hughes was transporting

marijuana in an open, unsecured container. Absent that, Mr. Hughes' admission that there was weed in the car is not determinative of illegal contraband in the car.

The court is then left with Mr. Hughes' nervousness during his interaction with the officers and whether his nervousness supported probable cause to search the vehicle for contraband. The Seventh Circuit has stated that "nervousness *alone* is insufficient to support a finding of probable cause or reasonable suspicion." *See e.g.*, *United States v. Leiva*, 821 F.3d 808, 818 (7th Cir. 2016). (emphasis added).

**b. Protective search.**

The government's argument that officers were entitled to search the car based on Mr. Hughes' movements to that backseat are again the subject of dispute. If the court is not persuaded by the officers testimony of Mr. Hughes' movements, the only other factor giving rise to reasonable suspicion to search the car for officer safety is Mr. Hughes' nervousness.

Again, Mr. Hughes' nervousness is not enough to rise to the level of reasonable suspicion. *See Huff v. Reichert*, 744 F.3d 999, n.3 (7th Cir. 2014) (gathering cases from this circuit and others in which nervousness alone was insufficient to support reasonable suspicion: "nervousness is "of limited value in assessing reasonable suspicion" and/or is so common that it along cannot justify a *Terry* stop. *United States v. Simpson*, 609 F.3d 1140, 1147 (10th Cir. 2010); *accord United States v. McKoy*, 428 F.3d 38, 40 (1st Cir.

3

2005)("Nervousness is a common and entirely natural reaction to police presence"); *United States v. Richardson*, 385 F.3d 625, 630-31 (6th Cir. 2004)("[A]lthough nervousness has been considered in finding reasonable suspicion in conjunction with other factors, it is an unreliable indicator, especially in the context of a traffic stop. Many citizens become nervous during a traffic stop, even when they have nothing to hide or fear."); *United States v. Portillo-Aguirre*, 311 F.3d 647, 656 n. 49 (5th Cir. 2002) ("We have never held that nervousness alone is sufficient to create reasonable suspicion of criminal activity."); *United States v. Jones*, 269 F.3d 919, 929 (8th Cir. 2001) (suspect's nervous demeanor alone was not enough to establish reasonable suspicion."); *United States v. Chavez- Valenzuela*, 268 F.3d 716, 726 (9th Cir. 2001) (holding that "extreme nervousness during a traffic stop does not alone "support a reasonable suspicion of criminal activity, and does not justify an officers continued detention of a suspect after he has satisfied the purpose of the stop."); *United States v. Brown*, 188 F.3d 860, 865 (7th Cir. 1999) ("Nervousness…alone will not justify a *Terry* stop and pat-down.")).

WHEREFORE, defendant KOSHAUN HUGHES, respectfully requests that his motion to suppress be granted.

Respectfully Submitted,

/s Quinn A. Michaelis

Quinn A. Michaelis
Attorney for KOSHAUN HUGHES
73 W. Monroe, Suite 106
Chicago, IL 60601
312-714-6920

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2021 I electronically filed the above

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE**

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on February 26, 2021.

By His Attorney,

s/ Quinn A. Michaelis

Quinn A. Michaelis
Attorney For KOSHAUN HUGHES
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920